UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

               Plaintiff,

     v.

HENRY RICHARDS, *et al*,

               Defendants.

Case No. C06-5334RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF LEGAL COUNSEL

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of legal counsel. (Dkt. #8). Plaintiff has not been granted *in forma pauperis* status in this case. After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

     There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Further, while the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the

ORDER
Page - 1

complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

In his motion, plaintiff requests appointment of legal counsel in this case, asserting that he is not an attorney, and therefore not sufficiently competent to proceed in this Court.  Plaintiff also asserts that he had "mental abnormalities and personality disorders," and thus "cannot hope for justice in this matter without appointment of competent legal counsel." Plaintiff's Motion for Appointment of Legal Counsel ("Plaintiff's Motion"), p. 1.  He argues that he has "a fundamental right to effective legal counsel," and that he has few resources with which to counter those of defendants. <u>Id.</u>  In sum, plaintiff contends "a fair adjudication of the merits" of his complaint, as well as equality, justice and judicial economy, make such appointment appropriate here. <u>Id.</u>

Plaintiff, however, does not have a fundamental right to legal counsel in the civil context. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 756 (1991) (right to counsel has never been extended beyond first appeal of criminal conviction).  That one is not an attorney, does not mean that one is incompetent to prosecute one's case.  Indeed, as can be seen by plaintiff's pleadings and the motions he has filed with this Court so far, he has shown an ability to make himself be sufficiently heard.

Although plaintiff claims to have mental health issues, he has put forth no evidence to indicate those issues interfere in his ability to prosecute this case.  Further, while the Court certainly understands the disadvantages a *pro se* plaintiff may have facing represented parties, this makes plaintiff no different than other *pro se* plaintiffs who have prosecuted law suits on their own behalf.  Finally, even if plaintiff had been granted *in forma pauperis* status in this case, he has not shown a likelihood of success on the merits or that the legal issues involved in this case are necessarily complex.  Indeed, plaintiff characterizes his complaint against defendants as "a simple tort claim." Plaintiff's Motion, p. 1.

Accordingly, plaintiff's motion for appointment of legal counsel (Dkt. #8) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff.

DATED this 17th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2