1
2
3
4
5
6
7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11    WILLIAM DAVENPORT,

                              Plaintiff,

12

13            v.

14    HENRY RICHARDS, *et al*,

                              Defendants.

15

16

Case No.  C06-5334RJB-KLS

ORDER DENYING PLAINTIFF'S
MOTION IN OPPOSITION TO
DEFENDANTS' "NOTICE OF
REMOVAL TO FEDERAL
COURT"

17

18

19

20

21

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.

The case is before the Court on plaintiff's motion in opposition to defendants' notice of removal to federal

court. (Dkt. #10).  After reviewing plaintiff's motion, defendants' response thereto, and the balance of the

record, the Court finds and orders as follows:

22

23

24

25

26

        On June 15, 2006, defendants filed a notice of removal from state court of plaintiff's complaint for

damages and injunctive relief concerning allegations of harm arising from claims of violations of state and

federal law. (Dkt. #1).  On June 23, 2006, plaintiff filed his present motion arguing that this Court should

remand this matter back to state court.  For the reasons set forth below, however, the Court finds removal

by defendants to have been proper in this case.

27

28

        Plaintiff first asserts that because his complaint is based mostly on state tort claims, this is not a

case that concerns primarily federal law, and as such should be remanded to state court.  Plaintiff further

ORDER
Page - 1

1   asserts that removal is permissible only if the complaint contains solely federal claims.  Whether or not

2   state law claims predominate, however, is not a factor the Court takes into account in determining if a case

3   properly has been removed.  In addition, contrary to plaintiff's assertion, the federal removal statute does

4   not preclude the presence of state law claims.

5          A defendant may remove "any civil action brought in a State court of which the district courts of

6   the United States have original jurisdiction." 28 U.S.C. § 1441(a).  It is unquestionable that the language of

7   section 1441(a) "permits the removal of a case that contains only claims that 'arise under' federal law."

8   Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 386 (1998).  However, "the presence of even

9   one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the

10  original jurisdiction of the district court for removal." Id.  That is, "[n]othing in the jurisdictional statutes

11  suggests that the presence of related state law claims somehow alters the fact that" complaints, "by virtue

12  of their federal claims," are "'civil actions' within the federal courts' 'original jurisdiction.'" Chicago v.

13  International College of Surgeons, 522 U.S. 156, 166 (1997).

14         Indeed, state law claims contained in complaints that also include claims arising under federal law,

15  "fall within the supplemental jurisdiction of the federal courts." Schacht, 524 U.S. at 387.  This is because

16  "[s]upplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-

17  law claims when they 'are so related to claims in the action within such original jurisdiction that they form

18  part of the same case and controversy." Id. (citing Chicago, 522 U.S. at 164-66 (providing discretionary

19  removal jurisdiction over entire case where federal claim is accompanied by "separate and independent"

20  state-law claim)).  As such, the fact that plaintiff's complaint contains state, as well as federal, law claims,

21  even though the state law claims may "predominate," does not affect removal jurisdiction.

22         Plaintiff next discusses issues of state immunity under the Eleventh Amendment.  This issue of

23  Eleventh Amendment immunity, however, is not properly before the Court at this time.  The Eleventh

24  Amendment "does not automatically destroy original jurisdiction." Id. at 389.  Instead, "the Eleventh

25  Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do

26  so," which the state may waive. Id.  Nor is the Court required to "raise the defect on its own," and indeed

27  may "ignore" that issue, unless it is raised by the state. Id.  Even where the state later successfully argues

28  for Eleventh Amendment immunity so as to place "the particular *claim* beyond the power" of the Court to

    decide, removal jurisdiction is not destroyed. Id. at 391.

1    Plaintiff also argues that removal is improper here, because the claims against one of the named

2 defendants will remain in state court, which would materially increase court costs and involve issues of

3 state and federal comity.  Once defendants filed their notice of removal, however, that notice sufficed to

4 remove the entire case to this Court. See 28 U.S.C. § 1441 ("any civil action . . . may be removed . . .")

5 (emphasis added).  There is no indication defendants intended to remove some, but not all, of the claims

6 raised by plaintiff.  Further, while plaintiff asserts a complaint will go forward in state court against the one

7 named defendant referred to above, he provides no evidence that this is so or that such continuation of

8 legal action in state court against that defendant involving this matter is proper.

9    Accordingly, because plaintiff has failed to put forth valid reasons as to why defendants' removal of

10 this case was improper, his motion in opposition to defendants' notice of removal to federal court (Dkt.

11 #10) hereby is DENIED.

12    The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

13    DATED this 17th day of July, 2006.

14

15

16

Karen L. Strombom
17                                               United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3