UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

Plaintiff,

v.

HENRY RICHARDS, *et al*,

Defendants.

Case No. C06-5334RJB-KLS

ORDER TO SHOW CAUSE REGARDING DEFENDANTS' MOTION FOR STAY

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' motion for stay pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 521. After reviewing defendants' motion, plaintiff's response to that motion, defendants' reply thereto, and the balance of the record, the Court finds and orders as follows.

The purpose of the Servicemembers Civil Relief Act (the "Act") "is to suspend enforcement of civil liabilities of persons in military service of the United States in order to enable such persons to devote their entire energy to the defense of the Nation." Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). The public policy behind the Act thus "is to allow military personnel to fulfill their duties unhampered by obligations incurred prior to their call. Omega Industries, Inc. v. Raffaele, 894 F.Supp. 1425, 1434 (D.Nev. 1995).

The provisions of the Act, furthermore, are to be "liberally construed" and applied in a "broad spirit

of gratitude towards service personnel." Engstrom, 47 F.3d at 1462; Omega Industries, Inc., 894 F.Supp. at 1434 (citations omitted). Because of this, the Court "must exercise extreme caution in withholding the protection" of the Act. Omega Industries, Inc., 894 F.Supp. at 1434. Nevertheless, the Act "is not to be used as a sword against persons with legitimate claims," and the Court must give "equitable consideration of the rights of parties to the end that their respective interests may be properly conserved." Engstrom, 47 F.3d at 1462.

In his complaint, which originally was filed in state court but subsequently removed to this Court, plaintiff alleges various state employees engaged in certain tortious conduct that violated both state law and his federal civil rights. (Dkt. #4). According to counsel for those state employee defendants, they began receiving the complaint via United States mail on or about May 18, 2006. Affidavit of Michael E. Johnston ("Johnston Affidavit"), ¶3 (Dkt. #19). Sometime thereafter, former supervisors and coworkers of state defendant Tony Avenson informed state defendants' counsel that he "had left State employment, entered active military duty, and was about to be deployed to the Middle East." Id.

State defendants' counsel states in his declaration that he "undertook diligent efforts to locate and contact" defendant Avenson "to notify him of" plaintiff's lawsuit, and "ascertain his personal situation." Id. Those efforts included contacting "military authorities" and defendant Avenson's immediate family, "all of whom confirmed his active-duty status." Id. On June 12, 2006, defendant Avenson telephoned state defendants' counsel "from his pre-deployment training station in Mississippi," and informed him that "he was on active duty in the United States Navy and that he would deploy on June 23, 2006 to the Middle East for military police duties." Id. at ¶4. Defendant Avenson further told state defendants' counsel that "his deployment would last 12 to 18 months and would possibly include Iraq." Id.

Defendant Avenson also has submitted a declaration, in which he confirmed the above information regarding his military status, training, assignment and potential length of deployment, as set forth in the declaration of state defendants' counsel. See Declaration of Tony Avenson ("Avenson Declaration"), ¶2-¶5 (Dkt. #20). Defendant Avenson further states therein that during his deployment "it will be difficult to contact" him "through conventional means such as regular mail, e-mail, or telephone," and that while he "may return to the United States during" his "deployment for leave purposes," he does "not know when or if that will occur." Id. at ¶6-¶7. Both defendant Avenson and state defendants' counsel state in their declarations that defendant Avenson did not receive service of plaintiff's complaint. Johnston Affidavit, ¶5;

Avenson Declaration, ¶8.

Defendant Avenson apparently eventually did receive a copy of plaintiff's complaint from state defendants' counsel via e-mail. Johnston Affidavit, ¶6; Avenson Declaration, ¶10. As noted by state defendants' counsel, that complaint contains numerous allegations and causes of action against defendant Avenson. Johnston Affidavit, ¶7; see also Plaintiff's Complaint (Dkt. #4). Defendant Avenson denies "the allegations and claims" made against him in plaintiff's complaint. Avenson Declaration, ¶11. State defendants' counsel further argues defendant Avenson is a "key defendant" in this case, and thus his "active participation is needed." Johnston Affidavit, ¶8. In addition, state defendants' counsel believes defendant Avenson and the other state defendants valid defenses against those claims, such as qualified and/or absolute immunity. Id. Defendant Avenson, however, feels he "cannot adequately present" any such defense "while deployed to the Middle East." Avenson Declaration, ¶11.

Plaintiff objects to state defendants' motion on several bases. First, he asserts no evidence has been submitted to show that defendant Avenson is deployed in the military outside the United States. As state defendants point out, however, the affidavit and declaration submitted in support of their motion do constitute competent evidence of which the Court may take notice. In addition, plaintiff has presented no evidence on his part that calls into question the veracity of the statements contained therein, other than to merely suggest that defendant Avenson may not in fact be on active military duty.

Plaintiff next argues that a stay is not necessary here, because this case "can easily proceed based upon depositions of the other defendants," as well as "testimony from form employees" of the Special Commitment Center ("SCC"). Plaintiff's Response and Objections to Defendants' Motion to Stay ("Plaintiff's Response"), p. 2. However, such testimony, no matter how potentially helpful plaintiff feels such testimony will be, hardly can be deemed an adequate substitute for a party's own testimony and his right to present evidence on his own behalf. Indeed, while plaintiff asserts that "others can clearly state what he did, and what his participation was," and that a videotape exists which would provide "proof regarding him and his actions," negating the necessity of his presence, nothing has been presented to the Court to show that this in fact is so. Plaintiff's Response, p. 3.

Although it is true that defendant Avenson is not the only defendant in this matter, and that other defendants have been named in the various state and federal claims plaintiff raises in his complaint, all such claims concern and stem from the same set of material facts. Further, according to the allegations

contained in plaintiff's complaint, defendant Avenson's alleged participation in the events at issue here was key. As such, defendant Avenson's testimony and active participation in this case would appear to be essential for the proper and just resolution of the claims involved here.

As an additional reason for arguing defendant Avenson's presence and testimony are not needed, plaintiff asserts his "character and veracity are more than a little questionable," because he was terminated from employment with the state due to allegations of sexual improprieties he had with another employee. Plaintiff's Response, p. 8. There is no evidence in the record, however, to support plaintiff's accusations in this regard. In any event, any issue of defendant Avenson's character and veracity is more properly a matter to be addressed at trial if it comes to that, rather than in a determination of whether a party should be provided the opportunity to be present and defend himself during litigation.

Plaintiff next challenges state defendants' assertion that reliable contact with defendant Avenson cannot be had, when "daily and routine" contact with "individuals in the military" via the internet or other electronic means remains feasible. Plaintiff's Response, p. 4. While it may be that active members of the military may have access to others via e-mail or other similar means of communication, it hardly is clear that such access is available on a routine or daily basis, or that even if it is, that such access would suffice to substitute for full and fair participation in the litigation process. This is particularly true with respect to those members of the military who are overseas in or near an active war zone. It goes without saying that in such situations one can never tell when and for how long one will have to be called away on a mission, where there likely will be no available communication with the outside world.

Plaintiff further argues that state defendants cannot rely on the defenses of qualified and absolute immunity, because they knew or should have known they were or may have been violating his statutory and constitutional rights. That question, however, concerns the merits of plaintiff's case, and therefore it remains to be seen whether such defenses may be validly raised. That is, it is entirely premature to decide at this stage of the proceedings whether plaintiff's rights were violated, or that, even if they were, whether state defendants nevertheless are immune from suit. Indeed, no evidence of any such violations are before the Court at this point other than the allegations contained in plaintiff's complaint.

Lastly, plaintiff suggests that in requesting this stay, state defendants are "hoping memories will fade" and other evidence of the alleged wrongdoing on their part will disappear. Plaintiff's Response, p. 8. However, there is nothing in the record – again, other than plaintiff's own unsupported allegations – that

this is state defendants' hope or intent. Nor is there any evidence that state defendants' are attempting to improperly delay these proceedings or otherwise "circumvent" the claims raised in plaintiff's complaint. See id. While plaintiff claims everyone "knows" what actually happened and state defendants have "no meritorious defenses," once more, that remains to be seen. Id.

Section 521 of the Act, which serves to protect members of the military against default judgments, "applies to any civil action or proceeding in which the defendant does not make an appearance." 50 App. U.S.C.A. § 521(a). Under that section, "[a] party on active duty in the armed forces is entitled to a stay of proceedings if his service materially affects his ability to prosecute or defend the action." Ricard v. Birch, 529 F.2d 214, 217 (4th Cir. 1975). Section 521(d) specifically mandates that:

> In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that--
>
> (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
>
> (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

See also 50 App. U.S.C.A. § 525(a) (court may order stay for period of military service and ninety days thereafter or any part thereof).

Section 521 of the Act, however, specifically serves to protect servicemembers against default judgments. That section thus focuses on the steps a plaintiff must take and the requirements the Court must apply "before entering [a default] judgment" for that plaintiff. 50 App. U.S.C.A. § 521(b)(1). The stay provided for by subsection (d) discussed above, therefore, applies only in those actions – i.e. actions for default judgments – "covered by" Section 521 of the Act. Id. Accordingly, as this is not a default judgment instituted by plaintiff against defendant Avenson, or any of the other state defendants, the Court finds the Section 521 stay proceedings to be inapplicable here.

Nevertheless, a stay of proceedings likely is available to defendant Avenson under Section 522 of the Act. That section "applies to any civil action in which the plaintiff or defendant at the time of filing an application" for a stay under that section: "(1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." 50 App. U.S.C.A. § 522(a). Here, both of these requirements have been met. First, as discussed above, the record

shows defendant Avenson has been in active military service since at least June 23, 2006. In addition, while there are issues concerning service, defendant Avenson has at the very least received notice of this matter through both his counsel and others.

A stay under section 522 may be obtained "[a]t any stage before final judgment in a civil action or proceeding" either "upon application of the servicemember" or by the Court "on its own motion . . . for a period of not less than 90 days." 50 App. U.S.C.A. § 522(b)(1). In order to obtain a stay under Section 522 of the Act, however, the application therefor must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C.A. § 525(b).

Certainly, state defendants have met the first requirement set forth above via submission of the affidavit of state defendants' counsel and the declaration of defendant Avenson. That submission shows defendant Avenson to be currently on active military duty in the Middle East, and will continue to be on such military duty for approximately 12 to 18 months, which materially affects his ability to appear and defend against the claims in plaintiff's complaint. That is, he will not be available to be deposed, give testimony or otherwise participate meaningfully in this case while on such duty. Indeed, there does not appear to be any reliable means of communication with him at this time.

It appears, however, that the required "letter or other communication from" defendant Avenson's commanding officer has not been provided. Nevertheless, in light of the foregoing discussion and current military status of defendant Avenson, the Court finds a stay of proceedings likely to be warranted. The granting of such a stay though is dependant upon the submission to the Court of the above required letter or other communication, which state defendants shall have until **December 9, 2006**, to accomplish. State defendants' motion (Dkt. #18) therefore hereby is re-noted for consideration on **December 15, 2006**, and all further action in this matter hereby is STAYED until then.

In his response to state defendants' motion, plaintiff moves for an order from this Court allowing him to depose all available parties. Plaintiff, however, has not properly noted this as a motion, and may not include it in a response to a motion filed by another party. See Fed. R. Civ. P. 7. In addition, in light of the

stay granted by the Court herein, and the one likely to be granted pending state defendants response to this order, allowing discovery to go forth in this matter while any such stay is in effect and while one of the defendants is unavailable to make any motions or present any objections he might have with respect to the discovery process, would be inappropriate. Accordingly, for these reasons, plaintiff's request/motion for depositions hereby is DENIED.

Finally, plaintiff requests appointment of counsel in this matter due to inadequate access to legal resources. As with his motion/request for depositions, however, he has not properly noted his request for appointment of counsel as a motion. In any event, this is the second time plaintiff has requested that he be appointed counsel. His first request was denied on July 17, 2006. (Dkt. #8 and #15). Even if plaintiff properly had noted and filed for consideration this, his second, request for appointment of counsel, the Court finds no valid reason to reverse its earlier decision on the matter. Accordingly, plaintiff's request for appointment of counsel again hereby is DENIED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant[s].

DATED this 9th day of November, 2006.

Karen L. Strombom
United States Magistrate Judge