1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

          Plaintiff,

      v.

HENRY RICHARDS, *et al*,

          Defendants.

Case No.  C06-5334RJB-KLS

ORDER GRANTING
DEFENDANTS' MOTION FOR
STAY

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' motion for stay pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 521. (Dkt. #18 and #21).  After reviewing defendants' motion and the balance of the record, the Court finds and orders as follows.

     The purpose of the Servicemembers Civil Relief Act (the "Act") "is to suspend enforcement of civil liabilities of persons in military service of the United States in order to enable such persons to devote their entire energy to the defense of the Nation." Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).  The public policy behind the Act thus "is to allow military personnel to fulfill their duties unhampered by obligations incurred prior to their call. Omega Industries, Inc. v. Raffaele, 894 F.Supp. 1425, 1434 (D.Nev. 1995).

     The provisions of the Act, furthermore, are to be "liberally construed" and applied in a "broad spirit

1    of gratitude towards service personnel." <u>Engstrom</u>, 47 F.3d at 1462; <u>Omega Industries, Inc.</u>, 894 F.Supp.

2    at 1434 (citations omitted).  Because of this, the Court "must exercise extreme caution in withholding the

3    protection" of the Act. <u>Omega Industries, Inc.</u>, 894 F.Supp. at 1434.  Nevertheless, the Act "is not to be

4    used as a sword against persons with legitimate claims," and the Court must give "equitable consideration

5    of the rights of parties to the end that their respective interests may be properly conserved." <u>Engstrom</u>, 47

6    F.3d at 1462.

7    In his complaint, which originally was filed in state court but subsequently removed to this Court,

8    plaintiff alleges various state employees engaged in certain tortious conduct that violated both state law

9    and his federal civil rights. (Dkt. #4).  According to counsel for those state employee defendants, they

10   began receiving the complaint via United States mail on or about May 18, 2006. Affidavit of Michael E.

11   Johnston ("Johnston Affidavit"), ¶3 (Dkt. #19).  Sometime thereafter, former supervisors and coworkers of

12   state defendant Tony Avenson informed state defendants' counsel that he "had left State employment,

13   entered active military duty, and was about to be deployed to the Middle East." <u>Id.</u>

14   State defendants' counsel states in his declaration that he "undertook diligent efforts to locate and

15   contact" defendant Avenson "to notify him of" plaintiff's lawsuit, and "ascertain his personal situation." <u>Id.</u>

16   Those efforts included contacting "military authorities" and defendant Avenson's immediate family, "all of

17   whom confirmed his active-duty status." <u>Id.</u>  On June 12, 2006, defendant Avenson telephoned state

18   defendants' counsel "from his pre-deployment training station in Mississippi," and informed him that "he

19   was on active duty in the United States Navy and that he would deploy on June 23, 2006 to the Middle

20   East for military police duties." <u>Id.</u> at ¶4.  Defendant Avenson further told state defendants' counsel that

21   "his deployment would last 12 to 18 months and would possibly include Iraq." <u>Id.</u>

22   Defendant Avenson also has submitted a declaration, in which he confirmed the above information

23   regarding his military status, training, assignment and potential length of deployment, as set forth in the

24   declaration of state defendants' counsel. <u>See</u> Declaration of Tony Avenson ("Avenson Declaration"), ¶2-¶5

25   (Dkt. #20).  Defendant Avenson further states therein that during his deployment "it will be difficult to

26   contact" him "through conventional means such as regular mail, e-mail, or telephone," and that while he

27   "may return to the United States during" his "deployment for leave purposes," he does "not know when or

28   if that will occur." <u>Id.</u> at ¶6-¶7.  Both defendant Avenson and state defendants' counsel state in their

declarations that defendant Avenson did not receive service of plaintiff's complaint. Johnston Affidavit, ¶5;

Avenson Declaration, ¶8.

Defendant Avenson apparently eventually did receive a copy of plaintiff's complaint from state defendants' counsel via e-mail. Johnston Affidavit, ¶6; Avenson Declaration, ¶10. As noted by state defendants' counsel, that complaint contains numerous allegations and causes of action against defendant Avenson. Johnston Affidavit, ¶7; see also Plaintiff's Complaint (Dkt. #4). Defendant Avenson denies "the allegations and claims" made against him in plaintiff's complaint. Avenson Declaration, ¶11. State defendants' counsel further argues defendant Avenson is a "key defendant" in this case, and thus his "active participation is needed." Johnston Affidavit, ¶8. In addition, state defendants' counsel believes defendant Avenson and the other state defendants have valid defenses against those claims, such as qualified and/or absolute immunity. Id. Defendant Avenson, however, feels he "cannot adequately present" any such defense "while deployed to the Middle East." Avenson Declaration, ¶11.

Plaintiff objected to state defendants' motion on several bases. The Court found those bases to be without merit, however, and rejected them in the order to show cause issued on November 9, 2006. (Dkt. #26). The Court did find though that Section 521 of the Act was not the appropriate statutory provision through which to seek a stay in this case, because that provision serves to protect servicemembers against default judgments, of which this matter was not one. See 50 App. U.S.C.A. § 521(b)(1), (d). Rather, the Court noted that a stay of proceedings nevertheless likely would be available to defendant Avenson under Section 522 of the Act.

Section 522 "applies to any civil action in which the plaintiff or defendant at the time of filing an application" for a stay under that section: "(1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." 50 App. U.S.C.A. § 522(a). In its order to show cause, the Court further noted that both of these requirements have been met. First, the record showed defendant Avenson had been in active military service since at least June 23, 2006. In addition, while there were issues concerning service, defendant Avenson had at the very least received notice of this matter through both his counsel and others.

A stay under section 522 may be obtained, furthermore, "[a]t any stage before final judgment in a civil action or proceeding" either "upon application of the servicemember" or by the Court "on its own motion . . . for a period of not less than 90 days." 50 App. U.S.C.A. § 522(b)(1). In order to obtain a stay under Section 522 of the Act, however, the application must include the following:

1

2

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

3

4

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

5

50 App. U.S.C.A. § 525(b).

6

7

8

9

10

11

12

As discussed in the Court's order to show cause, the first requirement set forth above was met via submission of the affidavit of state defendants' counsel and the declaration of defendant Avenson. That submission showed that defendant Avenson was currently on active military duty in the Middle East, and that he would continue to be on such military duty for approximately 12 to 18 months, which materially affects his ability to appear and defend against the claims in plaintiff's complaint. That is, he would not be available to be deposed, give testimony or otherwise participate meaningfully in this case while on such duty. Indeed, there did not seem to be any reliable means of communication with him at this time.

13

14

15

16

17

It appeared, however, that the required "letter or other communication from" defendant Avenson's commanding officer had not been provided. Nevertheless, in light of the foregoing discussion and current military status of defendant Avenson, the Court found a stay of proceedings likely to be warranted. The Court noted though that the granting of such a stay was dependant upon submission of the above required letter or other communication, which state defendants were given until **December 9, 2006**, to accomplish.

18

19

20

21

22

23

24

State defendants now have submitted such a communication. See Declaration of Stephen Weeks in Support of Motion for Stay, ¶¶ 5-7, and Memorandum for the Record from Executive Officer, Navy Law and Order Det Kuwait attached thereto as Exhibit 1 (Dkt. #9). That communication indeed shows that defendant Avenson's current military duty prevents his appearance in this matter and that military leave is not authorized for him at this time. Indeed, it appears plaintiff will remain on active military duty in the Middle East until at least October 30, 2007, and possibly longer. As such, the Court finds state defendants have met the requirements for seeking a stay pursuant to Section 522 of the Act.

25

26

27

28

Accordingly, this matter hereby is **STAYED** until **October 30, 2007**. At that time, should state defendants feel that a continuation of this stay under Section 522 of the Act is warranted, they may apply for such provided that they again make the proper required showing noted above. Plaintiff requests that if the Court grants a stay in this matter, every ninety days state defendants be required to provide proof of defendant Avenson's continued military affiliation and active duty status.

1    Given the that state defendants now have submitted written confirmation of defendant Avenson's

2 military obligations, the Court finds such additional "proof" to be unnecessary.  Again, however, should

3 state defendants seek an extension of the above stay, they shall first make the proper required showing

4 noted above.  In addition, state defendants shall notify plaintiff and the Court of any change in defendant

5 Avenson's military status that occurs while the stay is in effect.

6    The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

7    DATED this 21st day of December, 2006.

8

9

10

11    Karen L. Strombom
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28