UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

          Plaintiff,

      v.

HENRY RICHARDS, *et al*,

          Defendants.

Case No.  C06-5334RJB-KLS

ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' filing of a motion to amend answer. (Dkt. #34).   After reviewing defendants' motion and the balance of the record, the Court finds and orders as follows:

     Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15 reads in relevant part:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course***.** A party may amend its pleading once as a matter of course:

**(A)** before being served with a responsive pleading; or

**(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

**(2)** *Other Amendments***.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

1   The rule that leave should be freely given when justice so requires, in general is "to be applied with
2   extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048 1051 (9th Cir. 2003) (citation
3   omitted).
4       In deciding whether to grant leave to amend, the Court should consider the following factors:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

8   <u>Id.</u> at 1051-52 (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). Not all of these factors "merit equal
9   weight," however, with "prejudice to the opposing party" carrying "the greatest weight." <u>Id.</u> (prejudice is
10  touchstone of inquiry under Fed. R. Civ. P. 15(a)). Thus, "[a]bsent prejudice, or a strong showing of any
11  of the remaining . . . factors, there exists a *presumption* under" Fed. R. Civ. P. 15(a) "in favor of granting
12  leave to amend." <u>Id.</u> (emphasis in original).
13      In their motion, defendants request leave to amend their answer to add the statute of limitations as
14  an affirmative defense. They note that plaintiff originally filed his complaint in state court on May 6,
15  2006, that they petitioned to remove the matter to this Court on June 15, 2006, that they filed an answer to
16  the complaint on June 19, 2006, and that they moved to stay this matter on September 25, 2007, pursuant
17  to the Servicemembers Civil Relief Act. (Dkt. #1-#2, #6, #18). The Court granted defendants' request for
18  a stay on December 21, 2006, and the stay remained in effect until November 29, 2007. (Dkt. #28 and
19  #32). Defendants point out that prior to imposition of the stay few motions were filed, and they also
20  assert plaintiff conducted no discovery during that period.
21      Defendants argue, therefore, that there has been no undue expenditure by plaintiff. They further
22  argue that their request to amend their answer will not delay the proceedings in any way, and that there
23  will be no resulting prejudice to plaintiff. Plaintiff has filed no response, and thus has voiced no objection
24  to defendants's motion. Indeed, given the above, and the early stage in the proceedings in this matter, the
25  Court is inclined to agree with defendants.
26      Defendants also argue that because they alleged in their notice of removal that plaintiff had not
27  served them properly, and because there is no evidence in the record that he has corrected that deficiency,
28  they have a viable statute of limitations claim. Specifically, defendants' position appears to be that the
    events that precipitated the claims of tortious conduct contained in the complaint occurred on September

ORDER
Page - 2

20, 2004, that the statute of limitations for intentional torts is two years, and thus that because plaintiff has yet to properly serve them, the statute of limitations has run as to those claims. Although it is not entirely clear this position ultimately will be meritorious, the Court cannot say it is futile at this time.

Defendants argue, and the Court agrees, that their request here is in good faith. That is, the record contains no evidence that they have acted in bad faith in filing their motion. The Court also agrees that it does not appear defendants have acted with undue delay in not moving to amend their answer until now. As pointed out by defendants, the statute of limitations defense did not become viable until September 20, 2006, or some three months after petitioning for removal to this Court. Also as discussed above, shortly thereafter, they moved for a stay in the proceedings for valid reasons, with no evidence they did so for the purpose of delay. Defendants then filed the present motion within a month after the Court lifted its stay. Given these factors, and the presumption in favor of granting defendants' motion absent a strong showing thereof or the existence of prejudice, there appears to be no basis for denying it here.

Accordingly, defendants' motion for leave to amend answer (Dkt. #34) hereby is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 11th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge