1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

                Plaintiff,

      v.

HENRY RICHARDS, *et al*,

                Defendants.

Case No.  C06-5334RJB-KLS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
EXTENSION OF TIME ON
DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion for an extension of time (Dkt. #39) on defendants' motion for partial judgment on the pleadings (Dkt. #35).   After reviewing plaintiff's motion, defendants' response thereto and the balance of the record, the Court finds and orders as follows:

Defendants filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on February 4, 2008, which was noted for consideration on February 29, 2008.  In that motion, defendants argue that defendant Sarah Sappington should be dismissed from this case based on prosecutorial immunity, that the Court should decline to discipline defendant Sappington for alleged ethical violations because it lacks the authority to do so, that plaintiff's claims that his constitutional rights under the Health Insurance Portability and Accountability Act should be dismissed because there is no private right of action thereunder, and that certain of plaintiff's state law claims are barred by the

statute of limitations. (Dkt. #35).

On February 27, 2008, plaintiff filed his motion for an extension of time, which was noted for March 14, 2008.  Plaintiff contends in his motion that he needs more time to prepare for and respond to those arguments.  Specifically, plaintiff states that he has no one helping him with this case or access to legal resources, that he has contracted a medical impairment that damaged his right eye thereby limiting his ability to read and write, that he needs more time to brief the Court for appointment of counsel given this change in his health, that he did his best to effect service on defendants, and that no defendant should be dismissed prior to the completion of discovery. (Dkt. #39).

In response to plaintiff's motion, defendants argue that none of the reasons plaintiff has stated for seeking an extension of time are valid.  Specifically, they point out that, like other residents at the Special Commitment Center, plaintiff has access to adequate legal resources, that plaintiff has made no showing regarding the alleged effects of his medical condition on his ability to respond to their motion or made any prior effort to inform them of this condition or those effects, that discovery is not relevant here because a motion for judgment on the pleadings is based on the pleadings alone, and that plaintiff has waited until the day prior to their motion's filing date to file his motion. (Dkt. #40).  Plaintiff has filed no reply to defendants' response.

The Court agrees with defendants that not only has plaintiff failed to provide valid and supported reasons for seeking an extension of time here, his motion for an extension of time should have been filed prior to the due date for filing his response to defendants' motion, and thus is not well-taken.  On the other hand, given plaintiff's *pro se* status, it does not seem feasible to require that plaintiff file an immediate response to defendants' motion as defendants request.  Nevertheless, the amount of additional time the Court is willing to grant plaintiff to file such a response will be strictly limited.

Accordingly, plaintiff's motion for an extension of time (Dkt. #39) hereby is GRANTED to the following extent.  Plaintiff shall file a response to defendants' motion for judgment on the pleadings by **no later than April 28, 2008**.  **Plaintiff is warned that he will not be granted any further extension of time to respond to defendants' motion without an actual showing of good cause.  Failure to make such a showing will be treated as a failure to respond, and the Court will review defendants' motion as if no response had been filed**.  Defendants' shall file a reply, if any, to plaintiff's response by **no later than May 1, 2008**.  The Clerk shall re-note defendants' motion for judgment on the pleadings (Dkt. #35)

for consideration on **May 2, 2008**.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 27th day of March, 2008.

Karen L. Strombom
United States Magistrate Judge