UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

        Plaintiff,

    v.

HENRY RICHARDS, *et al.*,

        Defendants.

Case No. C06-5334RJB-KLS

REPORT AND RECOMMENDATION

Noted for June 27, 2008

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the Court on defendant Randall Griffth's motion to dismiss plaintiff's claims against him under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c).[1] (Dkt. #44). Having reviewed defendant's motion, plaintiff's response to that motion, defendants' reply thereto and the remaining record, the undersigned submits the following report and recommendation for the Honorable Robert J. Bryan's review.

DISCUSSION

Plaintiff is currently a resident at the Washington State Department of Social and Health Services' Special Commitment Center. In his complaint, plaintiff alleges defendant Griffith violated the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code). See

---

[1] All other named defendants have been dismissed from this case pursuant to a stipulated order and judgment entered on April 16, 2008. (Dkt. #50-#51). As such, defendant Griffith is the sole remaining defendant in this matter.

REPORT AND RECOMMENDATION
Page - 1

1 Acara v. Banks, 470 F.3d 569, 570 (5th Cir. 2006); (Dkt. #4-4, ¶12).  Specifically, he claims defendant

2 divulged personal and private health information pertaining to him, without any notice thereof and

3 without his permission. (Id., ¶12; see also id. ¶¶ 13, 176-80).

4 I. Standard of Review

5   Any party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed but

6 within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  All allegations of material fact in the

7 non-moving party's pleadings are taken as true and "construed in the light most favorable to that party."

8 General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,

9 887 F.2d 228, 230 (9th Cir. 1989); Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).

10 All inferences to be drawn from those facts also are construed in favor of the party opposing the motion,

11 as are all "[u]ncontested allegations to which the [moving] party had an opportunity to respond." Qwest

12 Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing Flora v. Home

13 Fed'l Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982); Ludahl v. Seaview Boat Yard, Inc., 869 F.

14 Supp. 825, 826 (W.D. Wash. 1994) (citing General Conference Corp., 887 F.2d at 230).

15   The standard of review that is applied to a motion for judgment on the pleadings is essentially the

16 same as that which is applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Luhdahl, 869

17 F. Supp. at 826 (citing William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 9-58.6 (The

18 Rutter Group 1993); Qwest, 208 F.R.D. at 291 (Fed. R. Civ. P. 12(b)(6) and 12(c) are substantially

19 identical).  Under that standard, the Court should not dismiss the complaint, "unless it appears beyond

20 doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

21 Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

22   Dismissal may be based upon "the lack of a cognizable legal theory or the absence of sufficient

23 facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

24 Cir. 1990).  Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state

25 a claim under 42 U.S.C. § 1983. Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir.

26 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  Therefore, even though the Court is to

27 construe the complaint liberally, such construction "may not supply essential elements of the claim that

28 were not initially pled." Pena, 976 F.2d at 471.  As explained below, plaintiff has not alleged any claim or

cause of action upon which the relief he is requesting can be granted.

II.     Matters Outside the Pleadings

As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court generally "may not consider any material beyond the pleadings" in ruling on a motion on the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); Qwest, 208 F.R.D. at 291.  Thus, Fed. R. Civ. P. 12(c) provides in relevant part:

> If, on a motion for judgment on the pleadings, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

See also Fed. R. Civ. P. 12(b).  A motion for judgment on the pleadings must be treated as a motion for summary judgment, therefore, if either party submits materials that are outside the pleadings in support of or opposition to the motion, and the court relies on those materials. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990); Jackson v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) (proper inquiry is whether court relied on extraneous matter); Qwest, 208 F.R.D. at 291 (court must appear to have relied on extrinsic evidence).

In such cases, failure to treat the motion as one for summary judgment would constitute reversible error. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968).  Defendant did not submit any materials outside the pleadings with his motion, nor has he relied on any in making his arguments.  Indeed, defendant expressly states he is limiting his discussion of the facts to those contained in plaintiff's complaint. (See Dkt. #44, p. 2).  In addition, while plaintiff has submitted some extraneous documentary evidence with his response to defendant's motion (see Dkt. #52-2), the undersigned finds reliance thereon to be wholly unnecessary to the resolution of this matter, and expressly declines to do so.

III.    Plaintiff's HIPAA Claims

Defendant argues that because there is no private right of action under HIPAA, plaintiff's claims against him should be dismissed.  The undersigned agrees.  It is clear that "HIPAA itself does not provide for a private right of action" for violations thereof. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action.")).  For one, "[p]rivate rights of action to enforce federal law must be

REPORT AND RECOMMENDATION
Page - 3

created by Congress," and "HIPAA has no express provision creating a private cause of action." Acara, 470 F.3d at 571.

In addition, "Congress did not intend for private enforcement of HIPAA." Id. In deciding whether such a right "is implied within the statute," "[t]he judicial task is to . . . determine whether it displays an intent to create not just a private right but also a private remedy." Id. "Statutory intent on this latter point is determinative," and "plaintiff has the relatively heavy burden to show Congress intended private enforcement, and must overcome the presumption that Congress did not intend to create a private cause of action." Id. As noted by the Fifth Circuit:

> HIPAA . . . focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d-1. HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d-5, d-6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. *Id.* Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement. *Alexander[ v. Sandoval], 532 U.S. [275] at 286-87, 121 S.Ct. 1511 [(2001)]* ("The express provision of one method of enforcing [a statute] suggests Congress intended to preclude others.").

Id. Accordingly, no implied private cause of action exists under HIPAA, and, as such, there is "no federal subject matter jurisdiction" over claims relying on violations thereof. Id. at 572.

In Acara, the plaintiff's complaint had "claimed subject matter jurisdiction based entirely upon an alleged violation of" HIPAA. Id. at 570. Such also is the case here. Plaintiff argues that nevertheless he should be allowed to pursue his claim against defendant, since he is not suing defendant for his violation of HIPAA, but rather "for what he caused to flow" from that violation. (Dkt. #52, p. 2). However, even if the undersigned were to adopt plaintiff's creative reading of the plain language in his complaint, this is a distinction without a difference. That is, even if plaintiff's claims against defendant read as he now says they do, all such claims still flow from the original alleged HIPAA violations. Regardless, it is quite clear plaintiff's claims solely concern those alleged violations. Paragraph 12 of plaintiff's complaint illustrates this perfectly, and reads in relevant part:

> Defendant GRIFFITH is alleged specifically to have, but not limited thereto, violated privacy provisions of the Health Insurance Portability and Accountability Act, HIPAA, Public Law 104-191, Title 42 U.S.C. §1320d-1(a), by divulging personal and private health information relative to Plaintiff Davenport without notice or waiver from, or knowledge of, Plaintiff. . . .

(Dkt. #4-4, ¶ 12; see also ¶¶ 13, 176-80). Accordingly, because plaintiff's claims against defendant rely

solely on alleged violations of HIPAA, and because HIPAA provides no private right of action for such violations, those claims should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends the Court grant defendants' motion for judgment on the pleadings (Dkt. #44) and dismiss plaintiff's complaint. Plaintiff has not alleged any cause or claim upon which relief can be granted in this matter. Specifically, the Court lacks subject matter jurisdiction to hear his claims.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **June 27, 2008**, as noted in the caption.

DATED this 5th day of June, 2008

Karen L. Strombom
United States Magistrate Judge